UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at LONDON

Civil Action No. 11-288-HRW

PAULA LAWSON,

PLAINTIFF,

v.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,   DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current applications for disability insurance benefits and supplemental security income benefits on August 17, 2009, alleging disability beginning on May 17, 2007, due to high blood pressure, depression, disc

problems, anxiety, chest pains and arthritis (Tr. 144). The applications were denied initially and on reconsideration (Tr. 58-59, 75-77). On January 18, 2011, an administrative hearing was conducted by Administrative Law Judge Todd Spangler (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jo Ann Bullard, a vocational expert (hereinafter "VE"), also testified, as did Plaintiff's daughter. During the hearing, the alleged onset date of disability was amended to May 17, 2007.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 17, 2011, the ALJ issued a partially favorable decision, finding that Plaintiff was not disabled prior to October 2, 2010, but that she became disabled on that date (Tr. 13-23). Plaintiff was 54 years old when her disability insured status expired on December 31, 2009 and was 55 years old at the time of the ALJ's decision. (Tr. 128). She has an 8th grade education and has worked as a housekeeper (Tr. 148).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from a heel spur, anxiety and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17).

The ALJ found that Plaintiff retained the residual functional capacity (RFC) to

3

perform a range of light work (Tr. 17-18). Specifically, Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently; can sit and stand/walk for up to six hours each in an eight-hour workday; requires the option to alternate between sitting or standing every thirty minutes; and is limited to 1, 2, and 3 step instructions and to occasional contact with supervisors, coworkers, and the public (Tr. 17-18).

The ALJ then relied on the testimony from VE to establish, for the period between May 17, 2007, and October 2, 2010, the existence of a significant number of jobs in the national economy which Plaintiff could perform, given her condition (Tr. 21-22). For the period after October 2, 2010, the ALJ applied Rule 202.01 of the Medical-Vocational Guidelines of Appendix 2 (the Grids) to reach a conclusion of disabled (Tr. 21-22).

Accordingly, the ALJ concluded that Plaintiff was not disabled prior to October 2, 2010, but became disabled on that date and continued to be disabled through the date of the decision (Tr. 27).

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on August 22, 2011 (Tr. 166).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment.

### III. ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.  Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the opinion of her treating psychiatrist, Alan M. Meyers, M.D.; (2) the ALJ did not consider Plaintiff's impairments in combination; (3) the ALJ did not consider the so-called durational requirement and (4) the ALJ improperly discounted Plaintiff's credibility.

### C.  Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate the opinion of her treating psychiatrist, Alan M. Meyers, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only

6

if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In a Mental Impairment Questionnaire, dated January 17, 2011, Dr. Meyers opined, *inter alia*, that Plaintiff: had repeated episodes of deterioration or decompensation in work or work-like settings; was seriously limited in her ability to sustain an ordinary work routine, make simple work-related decisions, work with others, perform at a consistent pace, and accept instructions or respond appropriately to criticism from supervisors; and had no useful ability to maintain regular attendance, complete a normal workday, and deal with normal work stress (Tr. 422-23). The ALJ found that these limitations were not unsupported by the medical evidence of record (Tr. 19). In doing so, the ALJ cited the opinion of the consultative mental health examiner, Christopher A. Catt, Psy.D. The Court finds no error in this finding. First, the Plaintiff has not challenged the opinion of Dr. Catt on appeal. Further, Plaintiff has not cited any medical evidence which would support Dr. Myer's opinion.

Plaintiff's second claim of error is that the ALJ did not consider Plaintiff's impairments in combination.

7

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 17). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Plaintiff also contends that the ALJ did not consider the so-called durational requirement.

The Plaintiff cites the Ninth Circuit Court of Appeals case *Gatliff v. Commissioner of Social Security Administration*, 172 F.3d 690 (9th Cir. 1999) in

8

support of her argument.

*Gatliff* is not persuasive. In that case, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. *Id.* at 692. In this case, Plaintiff has not identified similar evidence.

Moreover, this Court has repeatedly rejected any suggestion of a separate durational requirement. *See e.g. Durham v. Astrue,* No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D. Ky. Feb. 22, 2010).

Therefore, Plaintiff's argument in this regard lacks merit.

Finally, Plaintiff maintains that the ALJ improperly discounted Plaintiff's credibility.

The ALJ explicitly found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible (Tr. 18).

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be

9

discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

For instance, with regard to Plaintiff's heel spur, the ALJ considered that Plaintiff had not sought follow-up treatment as she was instructed to do if her condition worsened (Tr. 19, 290). Similarly, with regard to Plaintiff's mental impairments, the ALJ considered that Plaintiff did not seek treatment until August 2008, more than a year after alleged onset date (Tr. 19, 223). The ALJ also considered that, despite Plaintiff's allegations of panic attacks when she leaves the house, she had not had any psychiatric hospitalizations nor had she sought treatment at an emergency room (Tr. 35, 39, 223-423). The ALJ also considered that Plaintiff reported that she sees family and friends regularly and goes shopping monthly (Tr. 19, 236).

These findings are substantial evidence which support the ALJ's evaluation of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



Henry R. Wilhoit, Jr., Senior Judge